STATE v. R. L. KING.

*Indictment for Secret Assault with Intent to Kill—Secret Assault, Essential Elements of.*

An assault cannot be "secret" in the meaning of the Statute unless the person assaulted is unconscious of the presence as well as of the purpose of his adversary.

INDICTMENT for secret assault with intent to kill, tried before *Robinson, J.*, and a jury, at Fall Term, 1896, of GRAHAM Superior Court. The defendant was convicted and appealed.

*Mr. Attorney-General Zeb V. Walser*, for the State.
*Messrs. Shepherd & Busbee*, for defendant (appellant).

FURCHES, J.: This is an indictment for a secret assault with intent to kill. The Statute under which the defendant is indicted is highly penal and must be strictly construed. It is held by this court that "an assault cannot be said to have been made in a secret manner, except where the person assaulted is unconscious of the presence as well as of the purpose of his adversary." *State* v. *Gunter*, 116 N. C., 1068.

The court charged the jury in this case that it was sufficient to constitute the crime of secret assault under the Statute, if the person assaulted "had no notice of the presence *or* purpose of the defendant," thus making it the duty of the jury to convict the defendant if they found from the evidence that the person assaulted had no knowledge of the defendant's presence, or if he knew of the defendant's presence but did not know of his intention to make the assault; thus making a want of knowledge of the defendant's presence or a want of knowledge of the defendant's intention to assault sufficient to convict. Whereas,

there must be a want of knowledge of the defendant's presence and also a want of knowledge of intention to make the assault, to constitute the crime of a secret assault under the Statute.    There is error.

New Trial.